[Civ. No. 26726. Second Dist., Div. Four. Sept. 12, 1963.]

BARLAN, INC. et al., Plaintiffs and Appellants, v. CHARLES A. REAGAN, Defendant and Respondent.

Hertzberg & Geretz and Harrison W. Hertzberg for Plaintiffs and Appellants.

John E. Sisson and John E. Sisson, Jr., for Defendant and Respondent.

BURKE, P. J.—Plaintiffs, two corporations having interrelated interests, purchased from defendant two contiguous parcels of desert land near Palm Springs. Consideration therefor was paid and title transferred. The agreement of the parties, formally set forth in separate escrow· instructions covering the two parcels, indicates that defendant (seller) undertook to construct a road, which was to be a continuation of an existing road, through the subject property and beyond so that it would connect with State Highway 99. The Southern Pacific Railroad right of way lies between the subject property and the state highway and the defendant

agreed that such portion of the road from the subject property to the state highway would be completed "subject to the approval of the Public Utilities Commission and the Southern Pacific R.R. Right-of-way." (Clause (c) of the escrow instructions.)

After the sale was accomplished, defendant constructed the road without the connecting link between the subject property and the state highway. Defendant asserted that he applied for permission to cross the railroad right of way and that permission was refused.

Plaintiffs brought this action for breach of contract, specific performance, liquidated damages and general damages.

Defendant contends that the language quoted from clause (c) above — "subject to the approval of" the commission and the railroad — negatives any absolute undertaking on his part to complete the road in the event such approval was not forthcoming. He contends that, since such approval was a condition precedent to any agreed performance, his nonperformance is excused and he is not guilty of any breach of contract. The trial court concurred in this contention and found, among other things, that all other portions of the road had been constructed by defendant and that he had fully performed under the contract. Judgment based thereon was entered for defendant from which plaintiffs appeal.

Plaintiffs contend that the lower court's construction of the provisions of the contracts between the parties was erroneous and with this we concur. Plaintiffs further contend that the trial court committed reversible error in excluding parol evidence to explain ambiguities in the contracts and to determine the intention of the parties at the time of executing the contracts. With this latter contention we disagree, believing that the language of the agreements is clear and unambiguous.

■■■ Under the express terms of the contracts, the seller agreed to build a road which would connect the property with the state highway. His obligation to do so is clear and unequivocal. It is repeated in clause (c) of the contracts, with the added requirement that the road be completed subject to the approval of the commission and the railroad. It is undisputed that defendant did not in fact complete the road to the state highway. He is therefore in default. He asserts he was prevented from completing the road because of refusal of the commission and the railroad to grant permission to tra-

verse the right of way. While inability to perform, due to refusal of the commission and railroad to consent, may relieve defendant from being ordered to do so under the cause of action for specific performance, it does not relieve defendant of the consequences of his failure to perform. Plaintiffs paid defendant substantial consideration for desert land on the premise that the road that he would construct would render the property directly accessible from a major state highway. Having failed to so connect the property, defendant nevertheless seeks to retain all of the consideration paid him for the property, and this he cannot do if in fact plaintiffs have been damaged by such breach. In an early case, the Supreme Court stated the settled rule in such situations:

"[F]inally, it is indisputable that where, through no fault of the plaintiff in equity, specific performance cannot be decreed, the court, having obtained jurisdiction of the subject-matter properly within its cognizance, will grant, as an alternative, monetary relief, which in an action strictly at law would be by way of damages. (Fry on Specific Performance, § 972; Pomeroy on Specific Performance, § 295.)" (*Messer* v. *Hibernia Sav. etc. Society*, 149 Cal. 122, 126 [84 P. 835].)

As we read the contract, the expression "subject to the approval" of the regulatory body simply meant that any construction that defendant might build in traversing the right of way would be built in such manner as would meet with the approval of the regulatory body and the railroad. Obviously, without such approval no road could be constructed by defendant over the right of way. Defendant would have the court read the contract as if it said in effect, "I will build the road to the highway if I can obtain permission to cross the right of way, but if not I am to be relieved from the obligation of doing so and buyers agree to waive any loss occasioned thereby." To place such a construction on the language of the escrow instructions would be unreasonable and would run contrary to the intention of the parties as it can be inferred from their agreement. (Civ. Code, §§ 1641, 1643 and 1650.)

At the trial a qualified appraiser testified that the value of the property at the time of the sale was $750 per acre and that such value would be increased to $1,250 per acre were the property to be improved with the roadway link connecting it with the state highway. These values were not

disputed in any manner. The sale price of the property was at the rate of $1,050 per acre. It was also established that the defendant had purchased the property two or three years before for $200 per acre. From the valuations placed on the property by the appraiser it can be seen that there was a substantial amount of damage sustained by plaintiffs by reason of the failure of defendant to connect the property directly with the state highway as he had contracted to do. The exact amount of such damage is a matter for the determination of the trier of fact.[1]

■ Plaintiffs based their claims for liquidated damages upon certain provisions in the escrow agreements to the effect that if the road to be built by defendant were not completed by March 31, 1960, 24 feet in width, a penalty of $350 per acre was to be paid by seller in cash; likewise if an additional width of 24 feet were not completed within six months after March 31, 1960, an additional $350 per acre penalty was to be paid by seller. The road was expressly required to be built and paid for by defendant "by the agreed dates in this agreement or the penalties are to become effective." Plaintiffs contend (a) that the so-called "penalty" clauses of the contracts are applicable and (b) that the amounts designated were intended as liquidated damages and not as "penalties" within the legal meaning of the term, citing *Hanlon Drydock etc. Co.* v. *McNear,* 70 Cal.App. 204, 214 [232 P. 1002]. They urge they should have been allowed to introduce evidence in support of such construction. Assuming (without deciding) the correctness of the second contention, it is clear that the provisions involved related only to a total failure to construct a road of the required widths within specified times, and that they do not apply to the different breach herein involved. ■ Since there is, thus, no contract provision covering the damages for the breach, the law supplies its own standard and it is the function of the trier of fact to determine the amount of damages from the evidence to be adduced.

The judgment is reversed and the cause is remanded to the trial court for the purpose of of determining the amount of damages sustained by each plaintiff by reason of defendant's

---

[1]As further evidence of actual damage sustained by the failure of defendant to connect the property to the state highway, it was testified that the County of Riverside refused to approve a subdivision plot of the subject property because it did not have sufficient accessibility.

failure to complete the road and for such other proceedings as are consistent with this opinion.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied September 30, 1963, and respondent's petition for a hearing by the Supreme Court was denied November 6, 1963.